989 F.2d 500
 62 Fair Empl.Prac.Cas. (BNA) 1896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl R. SAWYER, Plaintiff-Appellant,
v.
KLARER CONSTRUCTION COMPANY, INC., Defendant-Appellee.
 No. 92-6372.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before BOYCE F. MARTIN, JR. and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se appellant, Carl R. Sawyer, appeals from the order of the district court dismissing his complaint filed pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000(e) et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sawyer brought suit alleging that he was fired by the defendant, Klarer Construction Company (Klarer), because of his race. The district court analyzed Sawyer's complaint on the disparate treatment theory of employment discrimination and concluded that Sawyer failed to meet the requisite burden of proof. More specifically, the district court concluded that Sawyer offered no evidence to prove he was treated differently from white co-workers, and granted defendant's motion for summary judgment.
 
 
 3
 Upon de novo review, see EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990), we conclude that the district court did not err and that defendant is entitled to a judgment as a matter of law because Sawyer failed to establish a prima facie case of racial discrimination. The burden of establishing discrimination remains at all times with the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). In order to bear his burden of proof, Sawyer must first establish a prima facie case of discrimination, and in order to establish a prima facie case, Sawyer must prove: (1) he belonged to a protected class; (2) his job performance was satisfactory; (3) he was fired; and (4) after he was fired, the position remained open and the defendant continued to seek applicants from persons with the plaintiff's qualifications. Additionally, in a "disparate treatment" discrimination case, the plaintiff must prove that his employer intentionally treated him less favorably than others because of his race. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335-36 n. 15 (1977).
 
 
 4
 The record completely fails to support any contention that Sawyer's job performance was satisfactory, that the defendant continued to seek applicants from persons with the plaintiff's qualifications, or that defendant intentionally treated Sawyer less favorably than others because of his race.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the court's memorandum dated October 7, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.